376 F.2d 263
 ALLSTATE INSURANCE COMPANY, Appellant,
v.
Paul STUART, d/b/a Stuart Truck Line, Dolphus Gerald, Forbes
Transfer Company, Kathleen A. Grainger, as Administratrix of
the Estate of Alice Ann Watts, Marie S. Watts, Individually
and as Guardian ad Litem for Douglas Watts, Ronald Watts,
Linda Watts and Canal Insurance Company, Appellees.
 No. 10357.
 United States Court of Appeals Fourth Circuit.
 Argued May 6, 1966.
Decided March 23, 1967.
 
 Charles D. Powers, Florence, S.C. (Wright, Scott, Blackwell & Powers, Florence, S.C., on brief), for appellant.
 Wesley M. Walker, Greenville, S.C. (O. Doyle Martin, Greenville, S.C., W. B. Norton, Jr., Marion, S.C., and Leatherwood, Walker, Todd & Mann, Greenville, S.C., on brief), for appellees.
 Before BOREMAN and BELL, Circuit Judges, and FIELD, District Judge.
 PER CURIAM:
 
 
 1
 This declaratory judgment action involves a controversy between Allstate Insurance Company which had issued a policy of public liability insurance to Forbes Transfer Company and Canal Insurance Company which had issued a similar policy to Paul Stuart d/b/a Stuart Truck Line. By a written vehicle lease agreement, Forber had leased a truck and driver from Stuart and the accident giving rise to this controversy occurred while the truck was being operated pursuant to such agreement.
 
 
 2
 The questions presented to the district court were (1) whether Forbes was responsible for the use of the Stuart truck at the time of the accident, and (2) whether Allstate's policy afforded coverage to Forbes. Counsel for Allstate conceded that under South Carolina law the test for determining responsibility is whether at the time of the accident Forbes had the right and authority to control and direct the undertaking as to the manner and means of accomplishment thereof. Upon the evidence presented before him the District Judge found that Forbes had and, in fact, exercised such right and authority. This was a factual finding which upon the record was assuredly not 'clearly erroneous,' F.R.Civ.P. 52(a), and since it is dispositive of the issues, the judgment of the district court is
 
 
 3
 Affirmed.